Good morning. May it please the Court, my name is Tom Furness. I represent the Plaintiff Appellant. This is a case about a Social Security Disability Appeal. Mr. Watson applied I think in 2012. He applied for what's called SSI, which means Supplemental Security Income, which means that he has not much of a work history. There is in this case a joint stipulation of facts, which I've appended to my brief as Appendix A, and it establishes I think that he has, Mr. Watson has very significant mental health issues. Physical health is okay. So I think what this case is all about is the listing involved, and listings, I'm sure you know, but listings are a statutory criteria which if you meet, you are found disabled and you receive the benefits. The listing involved here is 1204, and I believe it's conceived... The primary issue is, let's just take that listing, but whether or not the evolution, if you will, of the evidentiary record demonstrates that this individual had some very serious symptoms up to a particular point in time, and then it appears that there are a number of record sites set forth where it appears he then has significant improvement. So the question is whether there's substantial evidence in support of the ALJ's decision for that provision, and that's something where if there are a number of record sites supporting the very improvement that the ALJ found would appear to support the decision sufficiently for purposes of review. I agree with everything you said. I think the real problem in this case is the phrase substantial evidence. I would suggest that that's such a general phrase that it can be very misleading. Well, isn't the test really that for you to win that a reasonable fact finder would have to conclude otherwise in order for you to prevail? And so the doubt goes to the, and any gray area, it seems to me, goes to the ALJ in this. Unless you can demonstrate that there was no, you know, that the ALJ should have concluded otherwise. And had to have concluded otherwise. Well, again, Your Honor, I think There was evidence supporting the ALJ's determinations. Now, you're saying it wasn't substantial, but, you know, that's a very strict test. Well, again, I think, I'm not saying it wasn't substantial, but there's substantial evidence both ways. I think Well, that doesn't do it, though. See, we can't stand in the shoes of the ALJ and make the decision that we think is right. We have to determine, even if we agreed with you, we would have to, we have to decide whether there was substantial evidence for the ALJ to make that decision. That's a highly deferential standard. I would claim, and it's at page 16 of my brief, that, again, I think substantial evidence doesn't tell us a lot. I cite a case from the Ninth Circuit, which I believe is still good law, that the standard should be clear and convincing. A little bit of evidence is obviously not enough. Clear and convincing is Wait a minute. You're asking for a change in the standard now that we normally apply in these cases? No. I'm suggesting that substantial or very substantial can be two different things. Well, in your papers on page 16, you're not talking about the clear and convincing, I think, in terms of substantial evidence. You're talking about that in terms of the ALJ's review of credibility determinations. As I read your argument with regard to clear and convincing, you're saying if the ALJ is going to discount the testimony of a particular witness, here it's Mr. Watson and his mother, then there has to be a clear and convincing showing as to why the credibility should be discounted. That's different from substantial evidence in the sense that it's really going to support a credibility determination. Am I right, or were you saying that clear and convincing has to be, for substantial evidence, more generally? No. No, you're correct. But again, I think that the ALJ does comment on credibility, certainly, but I think her comments are so general that one has to . . . I'm asking the court, of course, to second guess them. Mental health issues are a lot more difficult in these cases than are physical issues. In physical issues, if somebody has a bad back, there's usually medical evidence giving a percentage rating. Which way does that cut? It really means that we and the district judge are compelled to rely more, not less . . . I'm sorry, that we . . . That argues for more deference, not less deference, to an ALJ, because mental disability can be more subtle, harder to understand, and less easy to establish by objective factors. So that being the case, that would seem to argue for more deference to what the ALJ concludes. Other things being equal, I would agree with that. Also, you've got the . . . Mr. Watson has both his testimony, but he also . . . the ALJ's evidence that the ALJ found to be substantial evidence in support of her outcome is evidence that is self-reporting by Mr. Watson, right? There's a number of citations in the record where he said he felt fine, he was doing well otherwise, he discussed wanting to go into computer work for his employment. So it's self-reporting, and that can be surely taken into consideration as well. There was no assertion that that was incorrect, that someone had written notes of things he hadn't said. So in terms of assessing credibility, it would be a mix, I would think. Well, yeah, agreed. I would ask the Court to review a short quote on page 17 of my brief, and this is from the ALJ decision. I'll read it. It's just a few lines. The claimant and his mother described . . . I should point out, by the way, that I don't only handle this type of case, but I've handled a number of them over the years. It's very seldom that there is available somebody who can independently talk about the claimant's issues. That's pretty unusual. In this case, the mother, who has a good job with the bank, very articulate, and with whom the claimant . . . well, with her and her . . . his stepfather, the claimant has lived . . . But the ALJ did not ignore her testimony. The ALJ expressly considered it, called it heartfelt. Oh, yes, yes. So it was taken into consideration and discounted. Well, it was discounted in part, and the decision says that. The credibility was not given full credence. But you've reserved a couple minutes rebuttal. I'm sorry? You've reserved a couple minutes rebuttal. Yes. So we'll hear you then. Okay.  Good morning. May it please the Court. Appellant, based on what he has argued just now, appears to concede that the ALJ had substantial evidence in support of her decision. He did not indicate that the ALJ or that this Court would have to conclude otherwise from the ALJ's decision. So I just want to start by that. The substantial evidence standard is the standard that governs determinations in disability cases. Your Honor, I believe you had mentioned in discussing the clear and convincing argument that counsel was trying to make that, really, he was saying he was addressing testimony and the clear and convincing evidence review as applied to testimony . . . excuse me, you said with respect to credibility. But in fact, I think his argument is even more specific than that, that it should apply to testimony itself because he references throughout the appellant's and his mother's testimony. And one thing that I would like to point out, Your Honors, is that the ALJ doesn't specifically assess testimony just on its own. The ALJ does what's an analysis of the credibility of a claimant's statements about their symptoms. Testimony is certainly part of that, but it's not the only statement that's considered. As Your Honor acknowledged, there are other statements that are considered, such as other statements, representations in the record, and that sort of thing. And the regulations are very clear that those are governed by 20 CFR 416.929, which address several different factors that the ALJ considers. And in this context, the ALJ considered those factors, and in ultimately taking into consideration appellant's testimony, his mother's testimony, and other statements that the appellant made. In the Second Circuit, I don't think that there's a case that requires the ALJ to meet a particular standard named as something like clear and convincing in terms of assessing credibility. It is a discretionary standard in terms of having taken into consideration all of the relevant evidence, weighing it as so many things are weighed in terms of fact questions, but not a particular standard such as the Ninth Circuit has adopted. Would you agree with that? I would agree with that, Your Honor. The issue, the only standard is the substantial evidence supporting the ALJ's determination. If Your Honors don't have any further questions, the Commissioner stands by the remainder of her brief and just indicates that the ALJ's decision is supported by substantial evidence and therefore respectfully should be affirmed. Thank you. We'll hear rebuttal. Thank you. In rebuttal, I only want to say one thing, again, not to beat it to death, but the phrase substantial evidence certainly is in the case law. I can't argue with it. But in this case, I think it's not a subtle enough analysis. And I believe that this young man, and again, I think it's very significant that the appellee, the Commissioner, conceded the first, Listing 1204 has two sets of criteria, the so-called A criteria, and I think there are about ten of them. Those are conceded, and those are significant problems for this young man. And then the so-called B criteria, there are four. You have to meet two of them. I think he met three. These are the effects of his disabilities. So that's where the substantial evidence test, I think, has to be picked about a little bit. Thank you. Thank you both.